IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL RENE FONDREN, JR.,

    Plaintiff,　　　　　　　　　　No. 2:13-cv-0015 CKD P

    vs.

CHICO POLICE DEPARTMENT, et al.,

    Defendants.　　　　　　　　　<u>ORDER</u>

                              /

        Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. <u>In Forma Pauperis</u>

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening of Plaintiff's Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

1 (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v.</u>
2 <u>Rhodes</u>, 416 U.S. 232, 236 (1974).
3       In his complaint, plaintiff alleges that the named defendants filed false or
4 erroneous police reports in relation to the investigation of two separate incidents. (Dkt. No. 1 at
5 3.) In addition, "[s]ome of the named defendants failed to file any reports at all" and "three of
6 the named defendants also gave false testimony in court...." (<u>Id.</u>)
7       Plaintiff names the Chico Police Department and seven individual officers as
8 defendants in his complaint, however as set forth, his allegations do not specify each defendant's
9 personal involvement in the alleged constitutional violations.
10       Plaintiff further fails to identify the constitutional rights of which he was allegedly
11 deprived. Section 1983 provides a cause of action for the violation of constitutional or other
12 federal rights by those acting under color of state law. E.g., <u>Patel v. Kent School Dist.</u>, 648 F.3d
13 965, 971 (9th Cir. 2011); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983
14 imposes two essential requirements upon a claimant: (1) that a person acting under color of state
15 law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right,
16 privilege, or immunity protected by the Constitution or the laws of the United States." <u>Leer v.</u>
17 <u>Murphy</u>, 844 F.2d 628, 632-33 (9th Cir. 1988) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 535
18 (1981), overruled on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986). Plaintiff
19 must identify the rights, privileges, or immunities protected by the Constitution or laws of the
20 United States of which he was allegedly deprived.
21       Accordingly, the court finds the allegations in plaintiff's complaint too vague and
22 conclusory to state a cognizable claim upon which relief can be granted. Although the Federal
23 Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and
24 state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733
25 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity
26 overt acts which defendants engaged in that support his claim. <u>Id.</u> In other words, he must allege

with greater specificity the involvement of each individual defendant.

For these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the

1 California Department of Corrections and Rehabilitation filed concurrently herewith.

      3. Plaintiff's complaint (Dkt. No. 1) is dismissed.

      4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 8, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
fond0015.14a.new