1
2
3
4
5
6
7
8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL RENE FONDREN, JR.

11          Plaintiff,                    No.  2:13-cv-0015 CKD P

12      vs.

13   CHICO POLICE DEPARTMENT, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C.

17   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

18   proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19   I.  In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  II.  Screening of Plaintiff's Complaint

4         The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17         In order to avoid dismissal for failure to state a claim a complaint must contain

18  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

19  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

20  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

22  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

23  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

25  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

26  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

1  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2  Rhodes, 416 U.S. 232, 236 (1974).

3              In his complaint, plaintiff alleges that the named defendants filed false or

4  erroneous police reports in relation to the investigation of two separate incidents.  (Dkt. No. 1 at

5  3.)  In addition, "[s]ome of the named defendants failed to file any reports at all" and "three of

6  the named defendants also gave false testimony in court...."  (Id.)

7              Plaintiff names the Chico Police Department and seven individual officers as

8  defendants in his complaint, however as set forth, his allegations do not specify each defendant's

9  personal involvement in the alleged constitutional violations.

10             Plaintiff further fails to identify the constitutional rights of which he was allegedly

11  deprived.  Section 1983 provides a cause of action for the violation of constitutional or other

12  federal rights by those acting under color of state law.  E.g., Patel v. Kent School Dist., 648 F.3d

13  965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983

14  imposes two essential requirements upon a claimant: (1) that a person acting under color of state

15  law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right,

16  privilege, or immunity protected by the Constitution or the laws of the United States."  Leer v.

17  Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 535

18  (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).  Plaintiff

19  must identify the rights, privileges, or immunities protected by the Constitution or laws of the

20  United States of which he was allegedly deprived.

21             Accordingly, the court finds the allegations in plaintiff's complaint too vague and

22  conclusory to state a cognizable claim upon which relief can be granted.  Although the Federal

23  Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and

24  state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733

25  F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

26  overt acts which defendants engaged in that support his claim.  Id.  In other words, he must allege

3

1    with greater specificity the involvement of each individual defendant.

2           For these reasons, plaintiff's complaint must be dismissed.  The court will,

3    however, grant leave to file an amended complaint.  See Lopez v. Smith, 203 F.3d 1122, 1126-27

4    (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to

5    correct any deficiency in their complaints).

6           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

7    conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v.

8    Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

9    each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

10   is some affirmative link or connection between a defendant's actions and the claimed

11   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

12   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

13   of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

14   F.2d 266, 268 (9th Cir. 1982).

15          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

16   order to make his amended complaint complete.  Local Rule 220 requires that an amended

17   complaint be complete in itself without reference to any prior pleading.  This is because, as a

18   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

19   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

20   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

21   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22          In accordance with the above, IT IS HEREBY ORDERED that:

23          1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt.  No. 2) is

24   granted.

25          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26   All fees shall be collected and paid in accordance with this court's order to the Director of the

4

1   California Department of Corrections and Rehabilitation filed concurrently herewith.

2          3.  Plaintiff's complaint (Dkt. No. 1) is dismissed.

3          4.  Plaintiff is granted thirty days from the date of service of this order to file an

4   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

5   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

6   docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

7   an original and two copies of the amended complaint; failure to file an amended complaint in

8   accordance with this order will result in a recommendation that this action be dismissed.

9    Dated: April 8, 2013

10

11                                         CAROLYN K. DELANEY
                                           UNITED STATES MAGISTRATE JUDGE
12

13

14

15   8
     fond0015.14a.new
16

17

18

19

20

21

22

23

24

25

26